THOMPSON, Judge.
The principal issue in this appeal is whether the deputy commissioner (deputy) properly calculated the amount of wage-loss benefits awarded claimant, DeGuido, for the months of July and August 1983. We reverse and remand.
DeGuido was injured in a compensable accident in July 1980. At the time in question, July and August 1983, the claimant was 63 years old and was receiving social security benefits.
*483 The award of benefits is not contested and both parties agree that § 440.15(3)(b), Fla. Stat. (1980) sets forth the manner of calculating the amount of the wage-loss benefits payable. They disagree, however, on the impact that the social security benefits received by DeGuido should have on the calculations. The employer/carrier (E/C), and the Division of Workers’ Compensation urge that the proper calculation of the amount of benefits payable, as determined by § 440.15(3)(b)l, is subject to the 66% percent limitation therein, as well as to the social security offset of § 440.15(3)(b)4.
The monthly wage-loss benefit amount, calculated pursuant to § 440.-15(3)(b)l “shall not exceed an amount equal to 66⅜ percent of the employee’s average monthly wage at the time of injury.” The wage-loss benefit amount is then subject to further possible reduction pursuant to § 440.15(3)(b)4 which provides:
When the injured employee reaches age 62, wage-loss benefits shall be reduced by the total amount of social security retirement benefits which the employee is receiving, not to exceed 50 percent of the employee’s wage-loss benefits.
In other words, the wage-loss benefit amount as initially determined pursuant to the statute is reduced (if necessary) so that it is equal to 66⅜ percent of the claimant’s average monthly wage. Then, if the employee is receiving social security benefits, this wage-loss benefit amount is further reduced, or offset, by the amount of the social security benefits received, except that the amount of the offset cannot exceed 50 percent of the employee’s wage-loss benefits under § 440.15(3)(b)l.
Claimant argues that the 66⅜ percent limitation of § 440.15(3)(b)l is not applicable in situations where the employee is receiving social security benefits so that § 440.15(3)(b)4 is brought into play. Claimant’s interpretation of the application of the statute is unprecedented, but it was accepted by the deputy.
There is nothing contained in the statute which states or implies that the 66% percent limitation of § 440.15(3)(b)l and the 50 percent social security offset of § 440.15(3)(b)4 are mutually exclusive. A claimant’s wage-loss benefit amount is subject to the 66% percent limitation of § 440.-15(3)(b)l and is also further subject to the social security offset of § 440.15(3)(b)4 if the claimant is receiving social security benefits. This issue is reversed and remanded to the deputy so that the amount of wage-loss benefits may be calculated and awarded in a manner consistent with this opinion.
The deputy awarded an attorney’s fee based more on the time spent by claimant’s attorney than the benefits obtained. A substantial portion of the time spent involved the question of the proper calculation of claimant’s wage-loss benefit. In view of the reversal of the deputy’s order on this issue, the attorney’s fee awarded is reversed and this cause is remanded for determination of an attorney’s fee without consideration of the time spent on calculation of wage-loss benefits.
REVERSED and REMANDED.
ERVIN, C.J., and BOOTH, J., concur.